### Gregory Papaliou, et al., v. D. Manusos, et al.
#### Gen. No. 11,032.

1. RELIGIOUS CORPORATION—*power of, to appoint and dismiss priest.*
In the absence of any law of the particular sect providing for the ap-
pointment and dismissal of its priests, the board of trustees of a religious
corporation organized under the statutes of this state concerning relig-
ious corporations is the proper body to appoint and dismiss priests of the
church owned and maintained by such corporation.

Proceeding to enjoin dismissal of priest, etc. Appeal from the Supe-
rior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding.
Heard in the Branch Appellate Court at the October term, 1902. Re-
versed. Opinion filed March 18, 1904.

WILLIAM A. CUNNEA, for appellants; STEDMAN & SOELKE,
of counsel.

PEASE & POLKEY and HENRY C. BEIDLER, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

The Association of the Greek Community of Chicago is
a religious corporation organized under the statute of this
state concerning Religious Corporations, for the purchase
of a church building and the maintenance of the Greek
Orthodox Church. The following is a by-law of the asso-
ciation adopted in 1897 : " Art. 5. The control and direc-
tion of the association and the church shall be placed in
the charge of the Board of Trustees, which Board of Trus-
tees consists of twenty-four members as follows: a President,

Vice President, one general and one special Secretary, four Treasurers and sixteen Councilmen." In October, 1902, the board of trustees dismissed Father Macrocordatos, the priest of the church of the association, and chose as priest in his place Father Prousianos. Nine members of the association then filed in the Superior Court their bill in equity against the association, its officers, and Father Prousianos. In this bill it is averred that the trustees of the association are not authorized to dismiss or appoint a priest and that such dismissal or appointment can be made only by a majority vote of the members of the church. The association and its officers in their answer to the bill, deny that a priest can only be chosen or dismissed by a majority vote of the members of the church and assert that under the by-laws and the usage and practice of the association such power is vested in the board of trustees of the association.

The Superior Court on November 21, 1902, made an order that the defendant be enjoined from interfering with Father Macrocordatos in the performance of his duties as priest of said church, and on December 2, by another order, enjoined Father Prousianos from holding any religious services in said church, and from each of such orders an appeal was taken.

There is no evidence in the record to show that either in this country or in Europe a priest of the Greek Church was ever elected by the vote of the members of a church or congregation, nor is it shown that there is any law of the Greek Church which provides for the election of a priest by the vote of the members of the church or congregation. Father Macrocordatos, his predecessor, Father Baccalorios, and his predecessor, Father Thiambolis, who was the first priest of the church of the Association of the Greek Community of Chicago, were each chosen and each dismissed by the board of trustees of the association without the vote of the members of the church. Section 43 of the act under which this association was incorporated provides that " The trustees shall have the care, custody and control of

the real and personal property of the corporation subject to the direction of the congregation, church or society, and may, when directed by the congregation, church or society, erect houses or buildings and improvements and repair and alter the same, and may when so directed mortgage, incumber, sell and convey any real or personal estate of such corporation and enter into all lawful contracts in the name of and in behalf of such corporation."

The contention of appellees is, that the provisions of this section require the trustees of religious corporations incorporated under the laws of this state to ask and obtain the assent of a majority of the congregation thereto before they dismiss or appoint a priest or pastor. This contention is not tenable. Section 43 relates only to the real and personal property of a church and contracts in relation thereto, and not to the manner in which a priest or pastor shall be chosen or dismissed. It was, in the absence of any law of the Greek Orthodox Church providing for the appointment and dismissal of a priest of that church, competent for the Association of the Greek Community of Chicago to determine in what manner and by whom a priest of the church of that association should be appointed or dismissed. The association adopted a by-law which placed the control and direction of the association and the church in the charge of the board of trustees, and under this by-law, in our opinion, the power to appoint and dismiss a priest of the church of the association is vested in the board of trustees.

The orders of injunction appealed from will be reversed.

*Reversed.*